**Jeanne Hack GAUDIN**

v.

**SHELL OIL COMPANY.**

Civ. A. No. 89–1955.

United States District Court,
E.D. Louisiana.

Aug. 20, 1990.

---

Frank M. Adkins, Sullivan & Stolier, New Orleans, La., for plaintiff.

James E. Blazek, Scott E. Delacroix, Adams & Reese, New Orleans, La., for defendant.

MENTZ, District Judge.

### ORDER AND REASONS

In this civil action for alleged personal injuries, the plaintiff brought a motion in limine to exclude evidence of: 1) a 1981 conviction of the plaintiff; 2) the conduct underlying the conviction; 3) the plaintiff's history of credit and financial transactions; and 4) testimony from the plaintiff's former husband.

Upon review of the parties' briefs, the court finds that oral argument is not necessary. For the reasons set forth below, the plaintiff's conviction, her credit and financial history, and testimony from plaintiff's former husband are admissible. Details of the conduct underlying her conviction are not admissible.

The plaintiff was convicted in 1981 of a crime involving dishonesty or false statement—embezzlement of funds belonging to her former employer. The plaintiff served a suspended sentence and probationary period. She also made full restitution of the funds in question. Nine years later, the plaintiff's attorneys in this litigation had her conviction set aside pursuant to La. Crim.P.Code Art. 893.

Under La.Crim.P.Code Art. 893, a state court may set aside a first conviction upon suspension of sentence and satisfaction of the probationary period. Article 893 provides: "the dismissal of the prosecution shall have the same effect as acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender."

The Federal Rules of Procedure and Evidence govern in this diversity case. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under Fed.R.Evid. 609(c), a pardon, annulment, certificate of rehabilitation, or other equivalent procedure will prevent admission of a conviction only if it is based on a finding of rehabilitation or innocence.

There is no evidence of the reasons for the state court setting aside the plaintiff's conviction, except that she met the statutory requirements of a first conviction, suspended sentence, and a satisfied probationary period. To conclude that the plaintiff is therefore rehabilitated or innocent would be speculation. Without a finding of innocence or rehabilitation, Rule 609(c) does not make the plaintiff's conviction inadmissible. As no other basis for exclusion of the conviction has been argued, the court finds

that evidence of the fact of plaintiff's conviction is admissible.[1]

Defense counsel may not inquire into the details of the plaintiff's conviction, other than the name of the crime, the time and place of conviction, and the punishment. *See* 3 J. Weinstein and M. Berger, *Weinstein's Evidence* § 609[05] (1987).

The plaintiff's credit and financial history is admissible only to show that the plaintiff had an improper motive in bringing this suit. *See* Fed.R.Evid. 404(b).

Opinion testimony about the plaintiff's character for veracity from the plaintiff's former husband is admissible because the plaintiff's credibility is a key issue in this case. *See* Fed.R.Evid. 403, 608(a).

Accordingly,

IT IS ORDERED that Plaintiff's Motion in Limine is DENIED, except that defense counsel may not inquire about the details of the conduct underlying the plaintiff's conviction.

---

**1.** In a civil case such as this, Rule 609(a)(1) mandates the admission of a conviction without balancing the probative value of the conviction against prejudice. *See Green v. Bock Laundry Mach. Co.,* 490 U.S. 504, 109 S.Ct. 1981, 104 L.Ed.2d 557 (1989).